UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUDITH LEE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>DESERT VILLA PARTNERS LP, also known as Desert Villa Apartments, JAN ANGERMAN, and INDGO LLT,<br><br>Defendants. | NO. 4:20-CV-5005-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint (ECF No. 1). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the claims asserted in Plaintiff's Complaint are DISMISSED with prejudice.

**BACKGROUND**

This case concerns Plaintiff's allegations that Defendants have violated the Fair Housing Act and other nondiscrimination laws by failing to provide

ORDER DISMISSING COMPLAINT ~ 1

reasonable disability accommodations to Plaintiff in their provision of rental housing. Plaintiff alleges that she has a variety of medical conditions that impact her functioning. ECF No. 1 at 6. Plaintiff alleges that Defendants, her landlord, have given Plaintiff notice on several occasions that she has violated her apartment's lease terms by incurring excessive noise complaints, smoking in non-smoking areas, over-watering plants resulting in water damage to multiple apartment units, and encroaching on other tenants' portions of a shared balcony. ECF No. 1 at 6-8. Plaintiff alleges that she attempted suicide when Defendants threatened to evict Plaintiff. ECF No. 1 at 8. Plaintiff's factual allegations and legal claims are duplicative of two other cases Plaintiff has filed in this Court. *See* No. 4:14-cv-5094-TOR; No. 4:19-cv-5226-TOR.

## DISCUSSION

### A. Legal Sufficiency Review

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A claim is legally frivolous under § 1915(e)(2)(B)(i) when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989*), superseded by statute*, 28 U.S.C. §1915(d), *as recognized in Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

Plaintiff's allegations of disability discrimination are duplicative of the claims currently pending in her other open federal case, No. 4:19-cv-5226-TOR. Here, Plaintiff develops additional factual allegations about the parties' dispute over Plaintiff smoking on the property, but this claim was already raised in Plaintiff's other case. *See* 4:19-cv-5226-TOR, ECF No. 1 at 4, ¶ 12; ECF No. 1-1 at 3. The only legal issue raised in this Complaint not raised in Plaintiff's other open federal case is Plaintiff's argument that Defendants have a *Brady* obligation to present exculpatory evidence in Plaintiff's favor in the course of this ongoing conflict between the parties. *See* ECF No. 1 at 10-11 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). *Brady* imposes a duty on criminal prosecutors to produce exculpatory evidence to a criminal defendant; it imposes no obligation on the civil defendants in this case. *Brady*, 373 U.S. at 87. Plaintiff's alleged *Brady* violation has no arguable basis in law and is legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's other allegations of disability discrimination and violations of the Fair Housing Act are duplicative of the claims currently pending in her other open

federal case, No. 4:19-cv-5226-TOR, and are not properly the subject of a second duplicative suit.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint is **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's *in forma pauperis* status is **REVOKED**.

The District Court Executive is directed to enter this Order, enter judgment of dismissal with prejudice, forward a copy to counsel of record and Plaintiff, and **CLOSE** the file.

**DATED** February 21, 2020.



THOMAS O. RICE
Chief United States District Judge